UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID MARISCAL,

    Petitioner,

vs.

DIRECTOR HOWARD SKOLNIK,, *et al.*,

    Respondents.

3:07-cv-00296-LRH-VPC

ORDER

This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, by pro se petitioner David Mariscal, a Nevada prisoner. Before the Court is respondents' motion to dismiss (docket #19).

**I. Procedural History**

Petitioner was charged with murder in the Second Judicial District Court for Washoe County on January 11, 1994, after a preliminary hearing was held in the Justice Court. Exhibits 4 and 7.[1] Petitioner entered a not guilty plea, and trial was held between August 22, 1994 and August 29, 1994. Exhibits 9, 30-33, 35, and 39. The jury convicted petitioner of first degree murder with the use of a deadly weapon. Exhibit 41. Sentencing was held on October 14, 1994, and the trial court sentenced petitioner to life imprisonment without the possibility of parole, with an equal and consecutive term for the use of a deadly weapon. Exhibit 44. A judgment of conviction was entered the same day. Exhibit 45.

Petitioner appealed, and the Nevada Supreme Court affirmed the judgment of conviction. Exhibits 46 and 68. Remittitur issued on April 23, 1996. Exhibit 70. Petitioner filed a state habeas

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their motion to dismiss, and are located in the record at docket #20-28.

corpus petition on March 20, 1997, alleging fourteen grounds for relief. Exhibit 71. The trial court held an evidentiary hearing on December 13, 1999 and February 25, 2000. Exhibits 89 and 98. The trial court granted the petition for writ of habeas corpus with respect to petitioner's claims that counsel acted deficiently during the sentencing phase of case, and denied the balance of the claims relating to the trial phase of the case. Exhibit 102.

Respondents appealed. Exhibit 103. Petitioner filed a notice of cross appeal. Exhibit 115. The Nevada Supreme Court remanded the case for the state district court to enter an order that contained findings of fact and conclusions of law. Exhibit 121. The state district court then entered such an order. Exhibit 129. The Nevada Supreme Court affirmed the lower court's order denying the petition in part and granting a new sentencing hearing. Exhibit 153. Remittitur issued on November 7, 2006. Exhibit 155.

A new sentencing hearing was held on April 6, 2007, and the state district court sentenced petitioner to life imprisonment with the possibility of parole, with an equal and consecutive sentence for the use of a deadly weapon. Exhibits 167. An amended judgment of conviction was entered on the same day. Exhibit 168. Petitioner then filed a motion for modification and/or to correct illegal sentence on June 14, 2007. Exhibit 171. After a hearing on February 15, 2008, the court entered a second amended judgment of conviction reflecting that the petitioner was given credit for 5,181 days time served. Exhibits 194 and 195.

Petitioner initiated the instant federal habeas corpus action on June 29, 2007 (docket #1). Respondents have moved to dismiss the petition arguing several grounds are unexhausted (docket #13). Petitioner has not filed an opposition. Petitioner filed a second motion for enlargement of time to file an opposition with this Court on February 9, 2009 (docket #36). Petitioner asked that he be allowed to file and serve an opposition by March 10, 2009. The Court will grant the motion for enlargement of time. However, petitioner has had ninety additional days and has not filed an opposition to the motion to dismiss, nor has he file another motion for enlargement of time.

**II. Motion to Dismiss**

**A. Exhaustion of Claims**

A state prisoner must exhaust all available state remedies prior to filing a federal habeas

1  corpus petition.  28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982).  The state courts must be
2  given a fair opportunity to act on each claim before those claims are presented in a habeas petition to
3  the federal district court.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999).  Furthermore, a claim
4  will remain unexhausted until a petitioner has sought review from the highest available state court
5  through direct appeal or collateral review proceedings.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th
6  Cir. 2004).

7        A habeas petitioner must "present the state courts with the same claim he urges upon the
8  federal court" in order to allow a state court to correct violations of federal rights.  *Picard v. Connor*,
9  404 U.S. 270, 276 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).  The federal constitutional
10 implications of a claim, not just issues of state law, must have been raised in the state court to
11 achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404
12 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is]
13 asserting claims under the United States Constitution."  *Duncan*, 513 U.S. at 365-66. S*ee also*
14 *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999) (stating the "mere similarity between a claim of
15 state and federal error is insufficient to establish exhaustion").

16       Furthermore, a claim is not exhausted unless a petitioner has fairly presented to the state
17 court the same operative facts and legal theory upon which his federal habeas claim is based.
18 *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (citing *Bland v. California Dept. of*
19 *Corrections*, 20 F.3d 1294, 1295 (9th Cir. 1982), *overruled on other grounds by Schell v. Witek*, 218
20 F.3d 1017 (9th Cir. 2000) (*en banc*)).  Exhaustion is not met if a petitioner presents to the federal
21 court facts or evidence which place the claim in significantly different posture than it was in the state
22 courts, or where different facts are presented to the federal court to support the same theory.
23 *Conrotto v. Newland*, 188 F.3d 512 (9th Cir. 1999); *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir.
24 1988).

25       **1. Ground Two**

26     In petitioner's second ground for relief he alleges that he was denied his Sixth Amendment
27 right to the effective assistance of trial counsel when trial counsel failed to (1) conduct a sufficient
28 investigation in order to adequately cross examine detective Jenkins regarding the fact that he was

known as the one who always gets a confession; (2) prepare a videotape of only the incidents in the Sports Bar and not the other areas of the casino; (3) conduct an adequate investigation into the basis for the testimony of FBI agent Riley and to present expert testimony for the defense to show the irrelevancy of the agent's testimony; (4) conduct an adequate investigation into the psychological/neuropsychological/neuropsychiatric makeup of petitioner; (5) conduct an adequate investigation into the death of the victim and to obtain and present the proper expert testimony relating to gunshot residue; and (6) conduct an adequate investigation into the background of key defense witness Walter Clark and his relationship with the police.

Respondents argue that grounds two (1) and two (4) are unexhausted. Petitioner raised grounds two (1) and two (4) in his state habeas corpus petition. Exhibit 71. However, petitioner did not raise these grounds on appeal. Exhibit 146A. Petitioner raised grounds two (2), (3), (5) and (6), but did not raise grounds two (1) and (4) in his answering/opening brief on appeal. *Id.* As the Nevada Supreme Court did not consider grounds two (1) and (4) on appeal, these grounds remain unexhausted. *Casey*, 386 F.3d at 916.

**2. Ground Three**

Petitioner alleges in his third ground for relief that he was denied his Sixth Amendment right to the effective assistance of trial counsel due to counsel's decision to forego a jury determination of punishment. Respondents argue that this ground remains unexhausted. Respondents' argument is correct. While petitioner raised this ground in his habeas corpus petition filed in the state district court, petitioner did not present the instant ground for relief in his appeal to the Nevada Supreme Court. Exhibits 71 and 146A. As the Nevada Supreme Court was not alerted to this claim and allowed an opportunity to act upon the claim, it remains unexhausted. *Casey*, 386 F.3d at 916.

**3. Ground Four**

In his fourth ground for relief petitioner alleges that he was denied his Fifth Amendment right to due process as trial counsel failed to provide effective assistance of counsel. Petitioner states that the facts supporting this grounds are alleged in grounds one, two, and three and are incorporated by reference. Essentially petitioner raises grounds one, two, and three as due process claims. Similar to the above grounds, petitioner included this claim in his state habeas corpus petition, but did not

argue this claim on appeal to the Nevada Supreme Court. Exhibits 71 and 146A. Therefore, as the Nevada Supreme Court was not given the opportunity to address this ground for relief, the Court finds ground four remains unexhausted. *Casey*, 386 F.3d at 916.

### 4. Ground Five

In ground five petitioner alleges that his Fifth Amendment rights to due process were violated by the trial court's improper actions. Specifically petitioner contends that the trial court (1) conducted numerous hearings when he was not present and (2) improperly sustained objections by the prosecutor. Again, respondents contend that ground five is unexhausted. The Court agrees with this contention. The instant ground for relief was raised in petitioner's state habeas corpus petition. Exhibit 71. The state district court denied the claim, however, petitioner did not raise the denial of this claim on appeal to the Nevada Supreme Court. Exhibit 146A. Therefore, ground five is also unexhausted. *Casey*, 386 F.3d at 916.

### 5. Ground Six

In his sixth ground for relief petitioner argues that he was denied his Fifth Amendment right to due process when district attorney investigator Wyett was permitted to testify at a hearing before the trial court when she had been present in the court during the testimony of Sonja Baca and the exclusionary rule had been revoked.

Respondents' argument that the instant claim is unexhausted is correct. Petitioner raised this claim in his habeas corpus petition filed in the state district court. Exhibit 71. However, petitioner did not include this claim in his appeal to the Nevada Supreme Court. Exhibit 146A. Ground six remains unexhausted as the petitioner did not seek review of this claim from the highest available state court. *Casey*, 386 F.3d at 916.

### 6. Ground Seven

In ground seven petitioner contends that his Fifth Amendment right to due process and Eighth Amendment right to a reliable sentence was violated by the prosecutor's presentation of the testimony of Vincent Ramos, the victim's brother. Respondents' allege that ground seven is unexhausted.

Petitioner raised the instant claim in the Nevada Supreme Court as an ineffective assistance

5

of counsel claim and not as a violation of his Fifth and Eighth Amendment rights. Exhibits 146A and 153. The Nevada Supreme Court did not address whether petitioner's Fifth or Eighth Amendment rights were violated and only considered whether petitioner's Sixth Amendment rights were violated by the introduction of Ramos's testimony. A claim is not exhausted unless a petitioner presented to the state court not only the same operative facts, but also the same *legal theory* upon which his federal claim is based. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (citations omitted); *Kelly v. Small*, 315 F.3d 1063, 1069 (9th Cir. 2003) (citing *Anderson v. Harless*, 459 U.S. 4, 7 (1982)), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). The Nevada Supreme Court was not alerted to petitioner's Fifth and Eighth Amendment claims. Ground seven is unexhausted.

**B. Petitioner's Election**

The court finds grounds two (1), two (4), three, four, five, six, and seven remain unexhausted. Consequently, the court finds the petition in this action to be a "mixed" petition – one containing both claims exhausted in state court and claims not exhausted in state court. Under the circumstances, the court will require petitioner to make an election. Petitioner must do one of the following: (1) abandon the unexhausted claims (grounds two (1), two (4), three, four, five, six, and seven), and proceed only on the exhausted claims (grounds one, two (2), two (3), two (5), and two (6)); or (2) move for a stay of this action, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may return to state court and exhaust his unexhausted claims.

In *Rhines,* the Supreme Court placed limitations upon the discretion of district courts to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

1   544 U.S. at 277. In view of *Rhines*, if petitioner wishes to return to state court to exhaust his

2   unexhausted claims, he must make a showing of good cause for his failure to exhaust his claims, and

3   he must show that his claims are not plainly meritless.

4   **IT IS THEREFORE ORDERED** that petitioner's motion for enlargement of time (docket

5   #36) is **GRANTED**. Petitioner had up to and including March 10, 2009, in which to file and serve

6   an opposition to respondents' motion to dismiss.

7   **IT IS FURTHER ORDERED** that respondents' motion to dismiss (docket #19) is

8   **GRANTED IN PART AND DENIED IN PART**. The court finds that grounds two (1), two (4),

9   three, four, five, six, and seven are unexhausted.

10  **IT IS FURTHER ORDERED** that, no later than **June 12, 2009**, petitioner shall do one of

11  the following: (1) file and serve a Notice of Abandonment of Claims, stating that he wishes to

12  abandon the unexhausted grounds, and proceed only on the exhausted grounds; or (2) file and serve a

13  motion for stay, requesting a stay of this action, and attempting to make the required showing for

14  such a stay, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may return to state court

15  and exhaust his unexhausted claims.

16  **IT IS FURTHER ORDERED** that, if petitioner files and serves a motion for stay,

17  respondents shall have **30 days** to respond to such motion, and petitioner shall thereafter have

18  **30 days** to reply.

19  **IT IS FURTHER ORDERED** that, if petitioner files and serves a notice of abandonment of

20  claims, abandoning grounds two (1), two (4), three, four, five, six, and seven, respondents shall have

21  **30 days** to file an answer, responding to grounds one, two (2), two (3), two (5) and two (6), and

22  petitioner shall thereafter have **30 days** to file a reply.

23  DATED this 19th day of May, 2009.

26  _____
    LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE