FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 2 4 2009

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID MARISCAL, | ) |
| Petitioner, | ) 3:07-cv-0296-LRH-VPC |
| vs. | ) |
| DIRECTOR HOWARD SKOLNIK,, et al., | ) ORDER |
| Respondents. | ) |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by David Mariscal, a Nevada prisoner. On May 20, 2009, this Court granted respondents' motion to dismiss in part, and found grounds two (1), two (4), three, four, five, six, and seven unexhausted (docket #37). Petitioner elected to abandon those claims (docket #39). Respondents have answered the remaining claims contained in the petition for writ of habeas corpus (docket #41).

Before the Court is petitioner's motion to stay the proceedings and request to file a traverse to the state's answer (docket #42 and #43). Petitioner asks this Court to stay the proceedings, as he filed a second petition for writ of habeas corpus in the state district court, and will want to file this new claim in the instant action. *Id.* Respondents oppose the motion for stay and for leave to file a traverse. The Court will deny the motions in part. Petitioner has not shown that he is entitled to a stay of the proceedings merely because he has now filed a new action in the state district court. Moreover, if petitioner wishes to file a new claim, and amend his petition, he would have to

seek leave of the court as respondents have filed a responsive pleading in this action. Fed. R. Civ. P. 15(a)(1)-(2). To the extent that petitioner seeks leave of the court to file a traverse to respondents' answer, the court will grant the motions, and allow petitioner thirty days to file a traverse.

Also before the Court is petitioner's second motion for appointment of counsel (docket #38). This Court previously denied a motion for appointment of counsel (docket #7). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file in this action is organized and raises the issues in a clear and understandable manner. The issues do not appear to be overly complex. It does not appear that counsel is justified in this instance. The motion shall be denied.

**IT IS THEREFORE ORDERED** that petitioner's motions to stay the proceedings and request for leave to file a traverse (docket #42 and #43) are **GRANTED IN PART AND DENIED IN PART**. The Court will not grant a stay of the proceedings. However, the Court will grant petitioner additional time to file a traverse. Petitioner shall have up to, and including, **October 26, 2009**, to file a traverse to respondents' answer.

///
///
///
///
///

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (docket #38) is **DENIED**.

DATED this 24ᵗʰ day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE

3